## United States *v.* Steamship Company.

1. The court holds that all questions relating to the character of the vessels employed by the Pacific Mail Steamship Company in executing its contracts with the United States and to the performance of the voyages were determined in *Steamship Company* v. *United States* (103 U. S. 721), and are no longer open to inquiry.
2. The terms of a stipulation filed in the court below *(infra, p. 482)* commented on.
3. A communication from the Postmaster-General, informing the Court of Claims that, in the event of its accepting a voyage of one of the vessels, he had made an order imposing a fine for her delay in starting, was properly disregarded.

Appeal from the Court of Claims.

The facts are stated in the opinion of the court.

*The Solicitor-General* for the United States.

*Mr. William E. Chandler* and *Mr. John F. Farnsworth* for the appellee.

Mr. Justice Miller delivered the opinion of the court.

In this case, which was before us at the last term, on the appeal of the steamship company, the judgment was reversed, and the case remanded with directions to render a judgment in conformity to our opinion. 103 U. S. 721.

The principal question, in fact the only one then considered, was, whether the mails had been carried by the company between San Francisco and Hong-Kong in such vessels as the contract required.

The finding of facts by the Court of Claims enabled us to decide, that apart from those of the "City of Pekin," which was governed by considerations peculiar to itself, six of the other twelve voyages for which the claimants asserted a right to recover had been performed in vessels of the required character, and six had not. The names of the vessels and their class were specifically set out in that finding, and we held that the voyage of the "Japan," commencing Aug. 29, 1874, at San Francisco, had been performed in a proper vessel, and that the claimants were entitled to recover therefor.

The whole matter would seem to have been thus closed, but

for the following sentence in the opinion of this court: "There may be deductions for non-performance of duty, or other matters provided in the contract in regard to which no finding is made by the Court of Claims, but which will be open to inquiry on the return of the case to that court."

When the case came before it on the mandate and that opinion, it was conceded by stipulation, as a fact, that on this voyage the "Japan" stopped at Yokohama and sent the mails by other vessels to Hong-Kong, and that the return mail from Hong-Kong to Yokohama was carried in the same manner, the "Japan" returning in due time with a mail to San Francisco.

It is argued by counsel for the United States that because the whole of the voyage was not performed in vessels of the character required by the contract, the entire claim therefor is invalidated.

The Court of Claims was of opinion that this matter was not open to inquiry under the ruling made here, and in this we concur.

The questions as to the vessels in which the mail had been carried, and their conformity to the contract, were the only ones in issue before the Court of Claims and this court. The former made such findings of fact, pertinent to them, as enabled us to say that for six of these voyages the government was bound to pay, and the case was sent back to the Court of Claims to render judgment accordingly.

The character of the vessels and the performance of the voyages were then adjudicated and fixed, and were no longer open to inquiry.

The contract contained a provision that suitable fines and penalties should be imposed by the Postmaster-General for delays and irregularities in the performance of the service, and for failure to take or deliver any part of the mail, for suffering it to be injured or lost, and many things of that kind, which had not been passed on because the United States denied the liability *in toto*, on the ground of the character of the vessels.

It was to such matters that the opinion had reference in the passage we have cited, and not to the character of these

vessels which was settled by the first finding of facts and the decision thereon.

It is suggested by counsel for the United States that, by the terms of the stipulation as to these new matters filed in the Court of Claims, the case was opened by agreement. The language relied on is this : " It is agreed that the case be sub-mitted, under the mandate and opinion of the Supreme Court, herein, on the following facts, which, as far as they may affect or modify any facts heretofore found by the court, are agreed to be in addition or substitution therefor." We understand this to mean that the matters stated are true, and so far as they are proper evidence, as the case stands they are conceded ; but that it was not intended to *consent* to a reopening of the question touching the character of any vessel in which the mails had been carried under that contract ; and such was the view taken by the Court of Claims.

After the case was remanded, that court was informed by a letter from the Postmaster-General that, in the event that it should accept the voyage of the " Japan," he had made an order imposing a fine of $13,000 for the delay of that vessel in start-ing on the voyage at San Francisco. As such an order could be of no avail after the court had decided the case, in which event alone the fine was to be imposed, that court very prop-erly disregarded it.

*Judgment affirmed.*